IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JORGE GINART-CABEZA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 314-037 |
| ) | |
| STACEY N. STONE, Warden; JEH ) | |
| JOHNSON, Sec. DHS; ERIC HOLDER, ) | |
| Att'y Gen., and JOHN SANDWEG, ) | |
| Dir. ICE, ) | |
| ) | |
| Respondents. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241, requesting relief from an immigration detainer. (Doc. no. 1.) Petitioner also filed a motion requesting that the Court issue an order "precluding transfer of Petitioner outside of this Court jurisdiction or to another custodian while his application for a writ of Habeas Corpus is pending review in this Court." (Doc. no. 2, p. 1.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion be **DENIED AS MOOT** (doc. no. 2), and that this case be **DISMISSED** for lack of

jurisdiction.[1]

## I. BACKGROUND

According to Petitioner, he is a Cuban national who came to the United States in December 1975. (Doc. no. 1, p. 3.) On February 20, 1987, an immigration judge ordered his removal from the United States. (Id.) However, due to "the lack of repatriation treaty between Cuba and the United States, Petitioner's removal was effectively stayed." (Id.) On August 2, 2007, while Petitioner was serving his current federal sentence, Immigration and Customs Enforcement ("ICE") lodged a detainer against him with the Bureau of Prisons. (Id.) Petitioner is not due to be released from his federal sentence until January 14, 2015. See http://www.bop.gov/inmateloc/ (search first name "Jorge" last name "Ginart Cabeza") (last visited June 11, 2014).

Petitioner filed the instant federal habeas petition on April 21, 2014, claiming "the government is barred from initiating further and new proceedings against him as to his removability, when an order of removal has already been issued and cannot be executed due to lack of repatriation treaty between Cuba and the U.S." (Doc. no. 1, pp. 4-5.) Petitioner clarifies he is neither challenging the removal order nor seeking to initiate removal proceedings, but rather "seeks only the removal of ICE current immigration detainer lodged against him." (Id. at 6.)

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing any respondent to file a response to the instant petition. 28 U.S.C. § 2243.

## II. DISCUSSION

### A. The Court Does Not Have Jurisdiction Under § 2241 Because Petitioner Is Not in ICE's Custody.

Because a writ of habeas corpus grants relief from unlawful custody, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner. See 28 U.S.C. § 2241(c); Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990) (*per curiam*) ("[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ [of habeas corpus]." (citing Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)). Here, as stated above, the only relief Petitioner seeks is removal of the detainer lodged against him by ICE. As such, this Court only has jurisdiction if Petitioner is in ICE's custody.

Petitioner is still serving his federal sentence, and thus he is not being held pursuant to the immigration detainer. Furthermore, as this Court has previously ruled, the mere lodging of an ICE detainer does not by itself cause a petitioner to come within ICE's custody for purposes of § 2241. Orozco, 911 F.2d at 541; Louis v. Sec'y, Fla. Dep't of Corr., 524 F. App'x 583, 584 (11th Cir. 2013) (*per curiam*); Fellove v. Wells, No. CV 310-058, 2010 WL 4928869, at *1 n.1 (S.D. Ga. Nov. 30, 2010). Thus, Petitioner has not come within ICE's custody, and remains in the custody of the warden at his current facility. Because the relief requested in the instant petition cannot be granted by Petitioner's custodian, jurisdiction under § 2241 is lacking. Id.; see also Louis v. Sec'y, Fla. Dep't of Corr., 524 F. App'x 583, 583-84 (11th Cir. 2013) (*per curiam*) (affirming dismissal of § 2241 petition for lack of jurisdiction where removal order was entered in 1984, immigration detainer was lodged in 2007, but petitioner was still serving

criminal sentence).

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion precluding his transfer be **DENIED AS MOOT** (doc. no. 2), and that this case be **DISMISSED** for lack of jurisdiction.

SO REPORTED and RECOMMENDED this 16th day of June, 2014, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA